UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW AND MELISSA KAYE, Individually, and as the Administrators of the Estate of Joshua Kaye,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET GROUP, Inc.,<br><br>    Defendant/Plaintiff-In-<br>    Crossclaim & Third-Party<br>    Plaintiff,<br><br>and<br><br>RAIN CROW RANCH, LLC, RAIN CROW RANCH AMERICAN GRASS FED BEEF, LLC AND FRUITLAND AMERICAN MEAT, LLC,<br><br>    Defendants/<br>    Defendants-In-Crossclaim,<br><br>v.<br><br>AMERICAN GRASS FED BEEF, LLC<br><br>    Third-Party Defendant. | DOCKET NO. 1:14-cv-14408-GAO |

## JOINT CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

Defendant Whole Foods Market Group, Inc. ("Whole Foods") and Defendants Rain Crow Ranch, LLC, Rain Crow Ranch American Grass Fed Beef, LLC, Fruitland American Meat, LLC, and Third-Party Defendant American Grass Fed Beef, LLC (collectively "Rain Crow Entities"), by and through their undersign counsel, stipulate and agree that discovery in the

above-entitled civil action (the "Action") may involve the production of documents and/or information that Whole Foods and the Rain Crow Entities (the "Parties") may consider to be confidential, proprietary, and/or protected by statutory or other legal privileges. Accordingly, the parties and their undersigned counsel agree as follows:

WHEREAS, the Parties in the Action, during the course of this Action, have been and will be presented with discovery requests seeking production of documents and/or information that the Parties claim to contain trade secrets or other confidential information.

WHEREAS, each party maintains that the unprotected disclosure of its trade secret and confidential information will be harmful to the party producing the information; and

WHEREAS, the Parties reserve the right to object to any discovery request that they believe should not be require the production of any documents or information.

IT IS HEREBY ORDERED that:

1. <u>Scope of Order</u>. This Protective Order ("Order") shall govern the use and disclosure of all alleged confidential, proprietary or trade secret information ("Protected Information") produced by or on behalf of any party or furnished by any person associated with any party on or after the date of this Order in any pleading, discovery request, discovery response, document production, subpoena, or any other disclosure or discovery proceeding in this Action. Any alleged confidential or proprietary or trade secret information produced in discovery shall only be used for the purposes of preparing for and conducting this Action and only as provided in this Order.

2. <u>Confidentiality Designations</u>. Any party, person or entity producing information in this Action may designate any document, information, thing, or discovery response as protected by marking it at or before the time of production or exchange with the legend

"HIGHLY CONFIDENTIAL" or "CONFIDENTIAL". If it is impracticable to mark something with such a legend (e.g., information contained on a computer hard drive), the designation may be made in writing. All "HIGHLY CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes highly confidential, proprietary or trade secret information requiring protection above and beyond that which is afforded by this Order to documents marked "CONFIDENTIAL". All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) confidential, proprietary or (b) information subject to a legally protected right of privacy.

3. <u>Undertaking</u>. Any documents or materials marked either "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" shall be held in confidence by each person to whom it is disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal or confirmation of this Action; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities.

4. <u>Manner of Designation</u>.

a. The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" on all or any part of the document or thing. Wherever practicable, the designation of "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" shall be made prior to, or contemporaneously with, production or disclosure. Documents or information designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" before entry of this Order shall be treated as "HIGHLY CONFIDENTIAL"

or "CONFIDENTIAL" within the meaning of this Order. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 11.

b. All deposition transcripts in this Action shall be treated by all parties as provisionally protected as "HIGHLY CONFIDENTIAL" for a period of fourteen (14) calendar days following receipt of the transcripts. Within the fourteen (14) day period, any party may designate particular portions of a transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by giving written notice of such designations to every other party to the Action. To the extent possible, the party making the designation shall be responsible for assuring those portions of the deposition transcript and exhibits designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are appropriately bound by the reporter. The Parties should avoid designating entire transcripts as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" where only a portion thereof or the exhibits used therewith qualify for protection under this Order; to the extent reasonably practicable, only such portions or exhibits should be designated. Failure of a party to so designate any particular portion of the transcript establishes that such portion is not subject to this Order.

c. In the event that a party is permitted by agreement or by order of the Court to inspect or review documents prior to production, all documents and things produced at such inspection will be considered to be "HIGHLY CONFIDENTIAL". At the time documents and such things are actually produced, however, an appropriate designation, if any, shall be placed on each document or thing in accordance with this Protective Order.

5. Use and Access of Confidential Information.

a. HIGHLY CONFIDENTIAL: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or

information designated as "HIGHLY CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

    i. The Court, or any Court personnel, and any court reporter or videographer recording or transcribing testimony in a deposition or hearing in this Action; and

    ii. Counsel, and in-house counsel, for the parties and their paralegals, law clerks, and clerical staff who are providing active assistance with this Action; and

    iii. Any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing; and

    iv. Any expert or technical advisor retained or employed by any party for the purposes of this action, provided that said experts or consultants have executed a certification in accordance with Paragraph 6 below; and

    v. Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 6 below.

  b. CONFIDENTIAL. Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

i. The Court, or any Court personnel, an any court reporter or videographer recording or transcribing testimony in a deposition or hearing in this Action; and

ii. Counsel for the parties and their paralegals, law clerks, and clerical staff who are providing active assistance with this Action; and

iii. Any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing; and

iv. The parties to this Action, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

v. Any actual or potential witness, provided that said witness has executed a certification in accordance with Paragraph 6 below; and

vi. Any person testifying at a deposition, provided said person has executed a certification in accordance with Paragraph 6 below, and

vii. Any expert or technical advisor retained, employed, or consulted by any party for the purposes of this Action, provided that said experts or consultants have executed a certification in accordance with Paragraph 6 below; and

viii. Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 6 below.

6. <u>Disclosure to Witnesses and Technical Advisers and Certification of Confidentiality</u>. Before giving any witness, or technical adviser access to information, documents or things designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL", the party's Counsel who seeks to disclose such information to such witness, or technical adviser shall require the witness or technical adviser to read and agree to be bound by this Order by signing a certification stating the following:

> I certify my understanding that documents, information, answers, and responses are provided to me pursuant to the terms and restrictions of the Joint Confidentiality Agreement and Stipulated Protective Order in Andrew and Melissa Kaye v. Whole Foods Market Group, Inc., et al. ("Order"). I have been given a copy and have read that Order.
>
> I have had its meaning and effect explained to me by counsel who provided me with the information. I understand that such information and documents, and any copies, any notes or other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only purposes of this proceeding. I agree to comply with the order.

The term "technical adviser" shall mean any person, including but not limited to a proposed expert witness or consultant or consulting expert, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

7. <u>Safeguarding Confidential Information</u>. The recipient of any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use, so long as it remains so designated.

8. <u>Filing Protected Materials in Court</u>. Unless agreed otherwise by the parties in writing, any party incorporating Protected Information into a document to be filed in a court shall seek leave to file such protected material under seal.

9. <u>Final Disposition</u>. Within ninety (90) days of the conclusion of this Action, including any appeals, all "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information furnished pursuant to the terms of this Order, any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials and litigation files.

10. <u>No Presumption of Protected Status</u>. This Stipulated Protective Order does not address discovery objections, nor does it preclude any party from asserting objections to any discovery request for any reason permitted by the applicable rules of civil procedure or as otherwise permitted by law. This Order does not preclude any party from moving for any relief cognizable under rules of civil procedure.

11. <u>Challenging Confidential Designation</u>. A party may oppose the designation of protected material by notifying the opposing party in writing. If a party opposes the designation of any particular document or information designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL", the parties shall make a good faith attempt to resolve the dispute by

agreement. If the parties are unable to resolve the dispute, then the party opposing the designation may file a motion with the Court to have the designation modified or removed. The burden remains on the designating party to demonstrate the propriety of the designation. Until a motion is filed and resolved by the Court, all documents and materials with which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing party as prescribed in this Order. Any motion filed pursuant to this paragraph shall identify with specificity each and every document or piece of information for which a confidentiality designation is being challenged and state the basis for such challenge.

12. <u>Challenging Use of Highly Confidential Documents</u>. A party may oppose the prohibition on providing highly confidential documents to a party by notifying the opposing party in writing. The parties shall make a good faith attempt to resolve the dispute by agreement. If the parties are unable to resolve the dispute, then the party desiring to provide the document to a party may file a motion with the Court to have the ability to show the document to their party. The burden remains on the designating party to demonstrate the propriety of the designation. Until a motion is filed and resolved by the Court, all documents and material with which a highly confidential designation is being challenged shall be treated in the manner that they have been designated by the producing party as prescribed in this Order. Any motion filed pursuant to this paragraph shall identify with specificity each and every document or piece of information for which a challenge is asserted and state the basis for such challenge.

13. <u>Modification of Order</u>. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this order; provided, however, that before such an application, the parties involved shall make a good faith effort to resolve the matter by agreement. Furthermore, the parties can agree in writing, without approval from the

Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order.

14. <u>Inadvertent Production</u>. The inadvertent production pursuant to discovery by any party of any document or communication that is protected by privilege, work product doctrine or statutory or confidentiality will not operate as a waiver of the producing party's right to assert a defense to production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the party producing it on timely written demand identifying the specific document(s). Any information, document or thing mistakenly produced or disclosed without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation may be subsequently designated by the producing party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at any time pursuant to the terms of this paragraph without waiving the confidential nature of the document or information. In each such case, the designating person shall provide to all other parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph.

15. <u>Continuing Jurisdiction</u>. Unless superseded by later order, this Order shall remain in full force and effect after the termination of this Action and the parties that the Court may enforce the terms of this Order and/or redress any violations thereof.

16. <u>Non-Parties</u>. The existence of this Order may be disclosed to any non-party producing documents or information in this Action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order. By availing themselves of the protections of this Order, such non-

parties consent to the jurisdiction of the Court for purposes of enforcing the terms of this Order only.

17. **Exclusions**. The restrictions set forth in any of the paragraphs hereof with respect to information, documents or things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not apply to:

   a. Any information, document or thing which at the time of disclosure to a receiving party is in the public domain in its protected form;

   b. Any information, document or thing which after disclosure to a receiving party becomes part of the public domain in its protected form as a result of publication not involving a violation of this Order;

   c. Any information, document or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; or

   d. To any party who produced the information, document or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

18. **Existing Obligations**. This protective order shall not be construed as, and does not constitute, a novation of any existing obligations of confidentiality a party may owe to another party. To the extent they already exist, all such obligations remain in full force and effect notwithstanding the provisions of this protective order.

Jointly submitted this 20th day of March, 2017.

The Defendant/Plaintiff-In-Crossclaim & Third-Party
Plaintiff, WHOLE FOODS MARKET GROUP, INC.
By its attorneys,
**LEWIS BRISBOIS BISGAARD & SMITH LLP**


*/s/ Jeanne E. Demers*
Jeanne E. Demers, BBO# 561255
One International Place – 3rd Floor
Boston, MA 02110
(857) 313-3929
Jeanne.demers@lewisbrisbois.com

The Defendant, RAIN CROW RANCH, LLC
By its attorneys,
**MORRISON MAHONEY LLP**


*/s/ Joseph G. Yannetti*
Joseph G. Yannetti, BBO# 669008
250 Summer Street
Boston, MA 02210
(617) 439-7500
jyannetti@morrisonmahoney.com

**WEINBERG WHEELER HUDGINS GUNN & DIAL**


*/s/ Joshua E. Swiger*
Alan M. Maxwell (*pro hac vice*)
Joshua E. Swiger (pro hac vice)
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
amaxwell@wwhgd.com
jswiger@wwhgd.com
(404) 832-9525


SO ORDERED this 26th day of April, 2017.

                                                /s/ George A. O'Toole, Jr.
                                                The Honorable George A. O'Toole, Jr.
                                                Judge, United States District Court,
                                                District of Massachusetts